IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-204-FL
NO. 5:11-CV-505-FL

| | |
|---|---|
| COREY DAMONE REEVES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate"). (DE's 36 & 41). Petitioner has responded to the Government's Motion to Dismiss (DE-44), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-41) be GRANTED and that Petitioner's Motion to Vacate (DE-36) be DENIED.

**I. Background**

Petitioner was charged in an eight count indictment on July 9, 2009 with, *inter alia*, conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine. (DE-3). On November 4, 2009 Petitioner pled guilty to this conspiracy count. (DE's 22-24). This guilty plea was memorialized in a Plea Agreement filed and approved by this Court. (DE-24). He was sentenced on March 31, 2010 to, *inter alia*, a total

of 200 months imprisonment (DE-33). Petitioner did not file a direct appeal (DE-39, pg. 2), and he filed the instant Motion to Vacate on or about September 23, 2011. (DE 36-3).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a claim. To survive a Rule 12(b)(6) motion, the facts alleged must "raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A claim may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such heft claims cannot establish a valid entitlement to relief, as facts that are merely consistent with liability fail to nudge claims across the line from conceivable to plausible. *Id.* at 1947-1951 (quotations omitted).

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### B. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that

2

the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  28 U.S.C. § 2255(f)(1-4).

If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 14 calendar days after entry of final judgment, when petitioner's opportunity to appeal expires. *See* Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R.App. P. 4(b). *See also*, United States v. Morris, 429 F.3d 65, 70 (4th Cir. 2005)("A judgment of conviction 'becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'")(*Quoting*, Clay, 537 U.S. at 525); Peacock v. United States, 2011 WL 317972, at *1 (E.D.N.C. Jan. 28, 2011). Accordingly, Petitioner's conviction became final on April 14, 2010, 14 calendar days days after entry of final judgment. Therefore, Petitioner had until April 14, 2011 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not filed until on or about September 23, 2011. (DE 36-3). As such, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

3

Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).

The doctrine of equitable tolling is appropriate when a petitioner can demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland 130 S.Ct. at 2562 (quotation omitted). *See also*, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> *Id.*

Petitioner has failed to assert any facts which would indicate that equitable tolling is appropriate in this matter.

Specifically, Petitioner states only one basis for relief in his Motion to Vacate: that his counsel was ineffective for failing a notice of appeal as instructed. (DE-39, pg. 4). Petitioner argues that his Motion to Vacate was untimely filed because "he believed that his appeal had been filed and was pending . . ." (DE-44). In support of this assertion, Plaintiff has attached an affidavit in which he asserts that "on or about April 3, 2010 . . . [he] wrote a letter to his attorney of record requesting that said attorney go ahead and file a Notice of Appeal on his behalf." (DE 36-2). He further asserts that he wrote two additional letters to his attorney, "but never received a reply." *Id*.

Attorney misconduct that is beyond a garden variety claim of attorney negligence, such as

4

failing to file a requested appeal, may present a basis for equitable tolling. Holland, 130 S. Ct. at 2549. However, Petitioner has failed to demonstrate that he was diligently pursuing his claims. Specifically, "[w]hile petitioner asserts that his attorney failed to file a direct appeal . . . this alone does not demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition." United States v. Padilla, 478 F. Supp. 2d 865, 869 (E.D.Va. 2007). Assuming that Petitioner's allegations are true, while he did request that his counsel file an appeal, he apparently did not contact any court to determine if said appeal had been filed. Other courts have found that these facts do not support equitable tolling. For example in Daniels v. Waid it was noted that:

> even assuming petitioner's trial counsel's failure to file a notice of appeal was wrongful or egregious, petitioner does not explain the causal connection between his counsel's failure to file a notice of appeal and his own failure to file his federal habeas petition on time [ ... ] Petitioner's counsel's failure to perfect petitioner's appeal . . . simply meant that petitioner had one year from expiration of his time to file notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing a federal petition . . .
>
> Daniels v. Waid, 2011 WL 1043490, *4 (S.D.W.Va. March 18, 2011 (quotations omitted).

Likewise, in Way v. United States it was determined that:

> . . .Despite the supposed diligence in attempting to contact trial counsel, when these contacts went unheeded, [Petitioner] apparently never checked with the federal court system to find out whether an appeal had ever been filed. A reasonably diligent person in [the defendant]'s position could and should have ascertained whether an appeal had been taken a short time after the appeal deadline had passed . . .
>
> Way v. United States, 2011 WL 915339, * 4 (D. Md. March 15, 2011)(quotation omitted).

Here, the undersigned finds that if Petitioner had been diligently pursuing his rights, he would have

5

been aware that no appeal had been filed well before September 23, 2010. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed because it is time-barred.

## III. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-41) be GRANTED and that Petitioner's Motion to Vacate (DE-36) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 06, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE