IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-204-FL
NO. 5:11-CV-505-FL

| COREY DAMONE REEVES, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on Corey Damone Reeves's ("petitioner's") motion to vacate sentence pursuant to 28 U.S.C. § 2255 (DE # 36), filed September 23, 2011. Also before the court is motion of the United States of America ("respondent") to dismiss same (DE # 41). These motions were referred to United States Magistrate Judge William A. Webb, pursuant to 28 U.S.C. 636(b)(1). On January 6, 2012, the magistrate judge entered memorandum and recommendation ("M&R"), recommending therein that the court grant respondent's motion to dismiss and deny petitioner's motion to vacate. Petitioner has not filed objections to the M&R, and the time to do so has passed. Accordingly, the issues raised are ripe for adjudication. For the following reasons, the court ADOPTS the recommendations of the magistrate judge, GRANTS respondent's motion to dismiss, and DENIES petitioner's motion to vacate.

## BACKGROUND

Pursuant to a plea agreement, petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack), and more than five

(5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Seven additional counts charged in the indictment were dismissed at sentencing on March 31, 2010. The court sentenced petitioner to 200 months imprisonment and five years supervised release. Judgment entered on April 5, 2010, and petitioner did not file a direct appeal.

On September 23, 2011, petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In anticipation of respondent's argument that the motion was untimely, petitioner attached an affidavit, wherein he states that he had directed his attorney to appeal his conviction. Petitioner therefore contends that equitable tolling is warranted.

Respondent filed motion to dismiss on November 9, 2011. Respondent argues that petitioner's motion is untimely, pursuant to 28 U.S.C. § 2255(f), and that equitable tolling should not apply. Further, respondent attaches declaration of Robert J. McAfee, attorney for petitioner at the time of his sentencing. Mr. McAfee declares that petitioner did *not* ask him to file a notice of appeal of the judgment or sentencing in this case.

Petitioner responded on November 29, 2011, and the magistrate judge entered M&R on January 6, 2012. The magistrate judge recommends dismissing petitioner's motion as time-barred.

### DISCUSSION

A.   Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

2

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

The magistrate judge adequately addressed each of the arguments raised by petitioner, who did not object to the magistrate judge's recommended disposition. After a careful review, the court finds no error in the magistrate judge's conclusion that petitioner neither timely filed his motion to vacate nor is entitled to equitable tolling.

As the magistrate judge stated, motions to vacate brought pursuant to 28 U.S.C. § 2255 are subject to a one-year period of limitations, which period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Here, petitioner acknowledges that his motion was not timely filed pursuant to any of the above provisions, yet he requests that the court apply equitable tolling.

The timeliness provisions of 28 U.S.C. § 2255(f) are subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3

circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In support of his request for equitable tolling, petitioner states in affidavit that he wrote his attorney on or about April 3, 2010, and instructed him to file a notice of appeal. Further, petitioner avers that he then wrote his attorney two letters requesting information regarding the status of his appeal but never received a reply.

Respondent contends however that petitioner has not demonstrated diligent pursuit of his rights. In addition, respondent attaches a declaration of Robert J. McAfee, the attorney who represented petitioner at the trial level of his case in 2009 and 2010. He declares petitioner did *not* request that he file notice of appeal of the judgment or sentencing.

Assuming *arguendo* that petitioner asked Mr. McAfee to file a notice of appeal, equitable tolling is nonetheless not warranted. The undersigned agrees with the magistrate judge, and with other courts in this circuit, that had petitioner exercised due diligence, he would have discovered well before expiration of the one year deadline that Mr. McAfee had not filed the notice of appeal. See, e.g., Leite v. United States, 1:10CV87, 2010 WL 3122636, at *4 (W.D.N.C. Aug. 9, 2010); Way v. United States, 2011 WL 915339, at *4 (D. Md. March 15, 2011). Accordingly, petitioner is not entitled to equitable tolling, and his motion is untimely pursuant to 28 U.S.C. § 2255(f).

Because the magistrate judge did not clearly err in his analysis, and absent any objection from petitioner, the court adopts the recommendations set forth in the M&R. For the reasons given by the

4

Case 5:09-cr-00204-FL Document 47 Filed 06/01/12 Page 4 of 6

circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In support of his request for equitable tolling, petitioner states in affidavit that he wrote his attorney on or about April 3, 2010, and instructed him to file a notice of appeal. Further, petitioner avers that he then wrote his attorney two letters requesting information regarding the status of his appeal but never received a reply.

Respondent contends however that petitioner has not demonstrated diligent pursuit of his rights. In addition, respondent attaches a declaration of Robert J. McAfee, the attorney who represented petitioner at the trial level of his case in 2009 and 2010. He declares petitioner did *not* request that he file notice of appeal of the judgment or sentencing.

Assuming *arguendo* that petitioner asked Mr. McAfee to file a notice of appeal, equitable tolling is nonetheless not warranted. The undersigned agrees with the magistrate judge, and with other courts in this circuit, that had petitioner exercised due diligence, he would have discovered well before expiration of the one year deadline that Mr. McAfee had not filed the notice of appeal. See, e.g., Leite v. United States, 1:10CV87, 2010 WL 3122636, at *4 (W.D.N.C. Aug. 9, 2010); Way v. United States, 2011 WL 915339, at *4 (D. Md. March 15, 2011). Accordingly, petitioner is not entitled to equitable tolling, and his motion is untimely pursuant to 28 U.S.C. § 2255(f).

Because the magistrate judge did not clearly err in his analysis, and absent any objection from petitioner, the court adopts the recommendations set forth in the M&R. For the reasons given by the

magistrate judge, respondent's motion to dismiss is granted and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

C.  Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

5

## CONCLUSION

For the foregoing reasons, upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 46) as its own. Respondent's motion to dismiss (DE # 41) is GRANTED and the petition (DE # 36) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 31st day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge