IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-204-FL-1

| | | |
|---|---|---|
| COREY DAMONE REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The matter is before the court on petitioner's May 23, 2014, motion for reconsideration (DE 66) of the court's July 6, 2012, order dismissing petitioner's prior motion under 28 U.S.C. § 2255 as a second or successive motion. Because the motion for reconsideration was filed more than 28 days after entry of the court's judgment on the § 2255 motion, the court does not consider it as a motion filed under Federal Rule of Civil Procedure 59(e), but rather as a motion for reconsideration that must itself be construed as a successive § 2255 petition. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003) (holding that where "[petitioner's] motion alleges that the district court erred in rejecting his § 2255 claims . . . . the district court should have treated [the] motion as a successive § 2255 application").

A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at

205. Petitioner's reference to United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014), and United States v. Simmons, 649 F.3d 237 (4th Cir.2011), and § 2241, is unavailing. In Whiteside, a case in which the mandate has been stayed pending petition for rehearing en banc, the court recognized that a petition based on Simmons could be barred as a successive petition, see 748 F.3d at 546-47, and the court "expressly [did] not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition." Id. at 547 n. 4. Indeed, as noted in Whiteside, the Fourth Circuit has not previously "extended the reach of the savings clause to those petitioners challenging only their sentence," as is the case here. United States v. Poole, 531 F.3d 263, 267 n. 7, 274 (4th Cir.2008). Accordingly, Whiteside does not alter the court's conclusion that petitioner's 2255 motion must be dismissed as a second or successive petition.

## CONCLUSION

Based on the foregoing, petitioner's motion to reconsider, construed as a successive § 2255, is DISMISSED. Because petitioner's motion must be dismissed as successive, a certificate of appealability will be denied. See 28 U.S.C. § 2253(c)(2).

SO ORDERED, this the 3rd day of July, 2014.

LOUISE W. FLANAGAN
United States District Judge

2

Case 5:09-cr-00204-FL   Document 67   Filed 07/03/14   Page 2 of 2